UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IMMANUEL LEE,<br>    Plaintiff, | Case No. 1:23-cv-795 |
| vs. | McFarland, J.<br>Litkovitz, M.J. |
| UNITED STATES OF AMERICA, et al.,<br>    Defendants. | REPORT AND<br>RECOMMENDATION |

Plaintiff, a resident of Cincinnati, Ohio, has filed a civil complaint without the assistance of counsel against the United States of America and "Steven Weeks Congo DRC Diplomat." (Doc. 1-1 at PAGEID 4). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Because plaintiff is proceeding *in forma pauperis*, the Court is required to conduct an initial screening of his complaint. 28 U.S.C. § 1915(e)(2). This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**Screening of Complaint**

    A.    **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B. **Plaintiff's Complaint**

Plaintiff's complaint is difficult to decipher. As such, the Court quotes plaintiff's factual allegations verbatim. The complaint alleges:

> In 2009, I flew to the country of Congo DRC city Kinshasa. Before leaving I was discriminated against by the University of Cincinnati. The University of Cincinnati would not let me use my financial aid for a study abroad program. They the University of Cincinnati violated my civil rights to further my education and discriminated against my disabilities. While going to the Congo DRC on my own American dollar expense, the university cut off my online education and told me to come on campus to fix the problem, even though I was in another country. This is the same school that fired my father Darrell G. Lee illegally and never repaid him or my family. Steven Weeks was a diplomat at the American Corner at the University of [illegible]. There I lead classes met ministers of the Congo. Dr. Steven wrote me a letter of support for my company and self. My goal is to have all emails subpoena. When there in the country of the Congo DRC I was given a gift of a bill that represented the mineral trade of the country which is valued currently $24 trillion. My bank accounts were cut off while living in the Congo DRC. This made me have to borrow money from the American government to fly back to the United States. This affected my company and life education

3

>development of the Congo DRC and also the American budget. Since then I have been incarcerated several times illegally. Both times three year sentences that can be proven false incarcerations. My goal is to be repaid immediately for my currency been taken at court, Pat DeWine, and also paper of support for myself and company. All emails should be subpoena at the time Barack Obama was president.

(Doc. 1-1 at PAGEID 6, 8).

### C. Resolution

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

First, plaintiff's complaint does not state a claim for relief against the United States of America because the complaint fails to allege any particular facts showing how the United States violated plaintiff's rights. Moreover, the United States is immune from suit except where such immunity has been waived by statute. *United States v. Shaw*, 309 U.S. 495, 500 01 (1940); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). Plaintiff has alleged no facts indicating immunity has been waived in this case. Therefore, the complaint against the United States must be dismissed.

Second, plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the defendants United States of America and Steven Weeks violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision

4

that applies to give rise to an actionable claim for relief. For these reasons, plaintiff's complaint against the defendants should be dismissed.

Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/22/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IMMANUEL LEE,
    Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,
    Defendants.

Case No. 1:23-cv-795

McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).